UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CIVIL ACTION NO:

| | |
|---|---|
| **Federal National Mortgage Association**  Plaintiff  vs.  **Scott R. Leavitt and Christine M. Leavitt**  Defendants | **COMPLAINT**  RE: 100 Lewis Road, Naples, ME 04055  Mortgage  July 5, 2007  Book 25276, Page 1 |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Scott R. Leavitt and Christine M. Leavitt, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants are the obligor and the total

amount owed under the terms of the Note is One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation organized under the laws of the United States of America, with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254

5. The Defendant, Scott R. Leavitt, is a resident of Naples, County of Cumberland and State of Maine.

6. The Defendant, Christine M. Leavitt, is a resident of Rensselaer, County of Rensselaer and State of New York

## FACTS

7. On July 5, 2007, by virtue of a Warranty Deed from D. Ross Converse a/k/a Donald Ross Converse and Linda L. Converse, which is recorded in the Cumberland County Registry of Deeds in **Book 25275, Page 338**, the property situated at 100 Lewis Road, County of Cumberland, and State of Maine, was conveyed to the Defendants, Scott R. Leavitt and Christine M. Leavitt, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 5, 2007, the Defendant, Scott R. Leavitt, executed and delivered to Challenge Financial Investors, Corp. a certain Note in the amount of $139,410.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on July 5, 2007, the Defendants, Scott R. Leavitt and Christine M. Leavitt, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Challenge Financial Investors, Corp., securing the property located at 100 Lewis Road, Naples, ME 04055 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 25276, Page 1**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated May 7, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30712, Page 118**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The transfer of all the rights contained in the Mortgage to Nationstar Mortgage, LL is further ratified and confirmed by the Order issued from the Portland Superior Court Docket No.: RE-2015-35, recorded in the Cumberland County Registry of Deeds in **Book 33723, Page 257**. *See* Exhibit E (a true and correct copy of the Order is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 13, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33540, Page 83**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On December 20, 2016, the Defendants, Scott R. Leavitt and Christine M. Leavitt, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Scott R. Leavitt and Christine M. Leavitt, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendants, Scott R. Leavitt and Christine M. Leavitt, have failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of February 24, 2017, if no payments are made, is One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), which includes Unpaid Principal Balance in the amount of One Hundred Fifty Four Thousand Four Hundred Sixteen Dollars and Ninety Nine Cents ($154,416.99); Accrued Interest in the amount of Fifteen Thousand Nine Hundred Twenty Three Dollars and Ninety Three Cents ($15,923.93); Late Fees in the amount of Three Hundred Eighteen Dollars and Twenty Four Cents ($318.24); Lender Paid Expenses in the amount of Two Thousand Seven Hundred Eighty Dollars and Fifty Four Cents ($2,780.54); Escrow Advances in the amount of Ten Thousand Two Hundred Ninety Two Dollars and

Twenty Seven Cents ($10,292.27); Legal Fees in the amount of One Thousand One Hundred Ninety Two Dollars and Ninety Four Cents (1,192.94).

19. Upon information and belief, the Defendants, Scott R. Leavitt and Christine M. Leavitt, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, Federal National Mortgage Association, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 100 Lewis Road, Naples, County of Cumberland, and State of Maine. *See* Exhibit A.

22. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

23. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendants, Scott R. Leavitt and Christine M. Leavitt, are presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of February 24, 2017, if no payments are made, is One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), which includes Unpaid Principal Balance in the amount of

One Hundred Fifty Four Thousand Four Hundred Sixteen Dollars and Ninety Nine Cents ($154,416.99); Accrued Interest in the amount of Fifteen Thousand Nine Hundred Twenty Three Dollars and Ninety Three Cents ($15,923.93); Late Fees in the amount of Three Hundred Eighteen Dollars and Twenty Four Cents ($318.24); Lender Paid Expenses in the amount of Two Thousand Seven Hundred Eighty Dollars and Fifty Four Cents ($2,780.54); Escrow Advances in the amount of Ten Thousand Two Hundred Ninety Two Dollars and Twenty Seven Cents ($10,292.27); Legal Fees in the amount of One Thousand One Hundred Ninety Two Dollars and Ninety Four Cents (1,192.94).

26. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants' breach of condition, the Plaintiff, Federal National Mortgage Association, hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Scott R. Leavitt and Christine M. Leavitt, on December 20, 2016 as evidenced by the Certificate of Mailing. *See* Exhibit G.

29. The Defendants, Scott R. Leavitt and Christine M. Leavitt, are not in the Military. *See* Exhibit H (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF NOTE

30. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On July 5, 2007, the Defendants, Scott R. Leavitt and Christine M. Leavitt, executed and delivered to Challenge Financial Investors, Corp. a certain Note in the amount of $139,410.00.  *See* Exhibit B.

32. The Defendants, Scott R. Leavitt and Christine M. Leavitt, are in default for failure to properly tender the January 1, 2015 payment and all subsequent payments.  *See* Exhibit G.

33. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Scott R. Leavitt and Christine M. Leavitt.

34. The Defendants, Scott R. Leavitt and Christine M. Leavitt, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

35. Defendants Scott R. Leavitt and Christine M. Leavitt's breach is knowing, willful, and continuing.

36. Defendants Scott R. Leavitt and Christine M. Leavitt's breach has caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of February 24, 2017, if no payments are made, is One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), which includes Unpaid Principal Balance in the amount of One Hundred Fifty Four Thousand Four Hundred Sixteen Dollars and Ninety Nine Cents ($154,416.99); Accrued Interest in the amount of Fifteen Thousand Nine Hundred Twenty Three Dollars and Ninety Three Cents ($15,923.93); Late Fees in the amount of Three Hundred Eighteen Dollars and Twenty Four Cents ($318.24); Lender Paid Expenses in the amount of Two Thousand Seven Hundred Eighty Dollars and Fifty Four Cents ($2,780.54); Escrow Advances in the amount of Ten Thousand Two Hundred Ninety Two Dollars and

Twenty Seven Cents ($10,292.27); Legal Fees in the amount of One Thousand One Hundred Ninety Two Dollars and Ninety Four Cents (1,192.94).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, The Defendant, Scott R. Leavitt, entered into a written contract with Challenge Financial Investors, Corp. who agreed to loan the amount of $139,410.00 to the Defendant, Scott R. Leavitt. *See* Exhibit B.

41. As part of this contract and transaction, the Defendants, Scott R. Leavitt and Christine M. Leavitt, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Challenge Financial Investors, Corp., and has performed its obligations under the Note and Mortgage.

43. The Defendants, Scott R. Leavitt and Christine M. Leavitt, have breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2015, payment and all subsequent payments. *See* Exhibit G.

44. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Scott R. Leavitt and Christine M. Leavitt.

45. The Defendants, Scott R. Leavitt and Christine M. Leavitt, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

46. The Defendants, Scott R. Leavitt and Christine M. Leavitt, are indebted to Federal National Mortgage Association in the sum of One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants, Scott R. Leavitt and Christine M. Leavitt.

47. Defendants Scott R. Leavitt and Christine M. Leavitt's breach is knowing, willful, and continuing.

48. Defendants Scott R. Leavitt and Christine M. Leavitt's breach have caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of February 24, 2017, if no payments are made, is One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), which includes Unpaid Principal Balance in the amount of One Hundred Fifty Four Thousand Four Hundred Sixteen Dollars and Ninety Nine Cents ($154,416.99); Accrued Interest in the amount of Fifteen Thousand Nine Hundred Twenty Three Dollars and Ninety Three Cents ($15,923.93); Late Fees in the amount of Three Hundred Eighteen Dollars and Twenty Four Cents ($318.24); Lender Paid Expenses in the amount of Two Thousand Seven Hundred Eighty Dollars and Fifty Four Cents ($2,780.54); Escrow Advances in the amount of Ten Thousand Two Hundred Ninety Two Dollars and Twenty Seven Cents ($10,292.27); Legal Fees in the amount of One Thousand One Hundred Ninety Two Dollars and Ninety Four Cents (1,192.94).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Challenge Financial Investors, Corp., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Scott R. Leavitt, $139,410.00.  *See* Exhibit B.

53. The Defendants, Scott R. Leavitt and Christine M. Leavitt, are in default for failure to properly tender the January 1, 2015 payment and all subsequent payments.  *See* Exhibit G.

54. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Scott R. Leavitt and Christine M. Leavitt, have been unjustly enriched at the expense of the Plaintiff, Federal National Mortgage Association.

55. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Challenge Financial Investors, Corp., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Scott R. Leavitt, $139,410.00.  *See* Exhibit B.

58. The Defendants, Scott R. Leavitt and Christine M. Leavitt, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendants, Scott R. Leavitt and Christine M. Leavitt, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association, as successor-in-interest to Challenge Financial Investors, Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, are in breach of the Note by failing to make payment due as of January 1, 2015, and all subsequent payments;

d) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, are in breach of the Mortgage by failing to make payment due as of January 1, 2015, and all subsequent payments;

e) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2015 and all subsequent payments;

g) Find that Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants, Scott R. Leavitt and Christine M. Leavitt, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, are liable to the Plaintiff, Federal National Mortgage Association, for quantum meruit;

l) Find that the Defendants, Scott R. Leavitt and Christine M. Leavitt, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Scott R. Leavitt and Christine M. Leavitt, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Scott R. Leavitt and Christine M. Leavitt;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Scott R. Leavitt and Christine M. Leavitt, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Eighty Four Thousand Nine Hundred Twenty Four Dollars and Ninety One Cents ($184,924.91), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: March 10, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670