UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: 2:17-cv-00086 |
| **Plaintiff** | AGREED JUDGMENT |
| vs. | RE: |
| | 100 Lewis Road, Naples, ME 04055 |
| **Scott R. Leavitt and Christine M. Leavitt** | Mortgage: |
| **Defendants** | July 5, 2007 |
| | Book 25276, Page 1 |

NOW COMES the Plaintiff, Federal National Mortgage Association, and the Defendant, Scott R. Leavitt, by and through their undersigned counsel, and hereby submit this Agreed Order of Foreclosure and Sale. All other parties having been defaulted the parties stipulate to the facts as follows:

1. That Defendants have breached the condition of Plaintiff's mortgage deed, dated July 5, 2007, and recorded in the Cumberland County Registry of Deeds in **Book 25276**, **Page 1** in connection with the property located at 100 Lewis Road, Naples, ME 04055.

2. That Plaintiff is owed the following under its Note and Mortgage as of February 24, 2017:

| | |
|---|---|
| Principal: | $ 154,416.99 |
| Accrued interest: | $ 15,923.93 |
| Late Charges: | $ 318.24 |
| Misc Expenses: | $ 2,780.54 |
| Escrow Advance: | $ 10,292.27 |
| Legal Fees | $ 1,192.94 |
| Total: | $ 184,924.91 |

a. additional reasonable expenses incurred by Plaintiff after February 24, 2017 in connection with this action, including the completion of the foreclosure or in connection with a redemption;

      b.      additional prejudgment interest accruing on said principal balance after February 24, 2017 at the rate of 4.62500% per annum pursuant to the note and post-judgment interest rate of 6.65% pursuant to 14 M.R.S.A., section 1602-C.

      c.      any amounts advanced by Plaintiff to protect its mortgage security.

3.      The order of priority of the claims of the parties to this action is as follows:

    FIRST:      The Plaintiff, by virtue of its mortgage in the above amounts and attorney's fees.

    SECOND:      The Defendants

4.      The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b) of F.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for expenses incurred for the following reasons:

      a.      Upon entry of this judgment, the time periods under 14 M.R.S.A., section 6322 and section 6323 will begin to run even though this judgment, if not entered as final, is subject to later revision;

      b.      The Plaintiff and any bidders at the foreclosure sale will be exposed to some risk and the sales results prejudiced if the judgment is subject to later revision;

      c.      Any dispute regarding Plaintiff's claim for expenses incurred may be resolved by Defendants filing a motion contesting Plaintiff's Report of Sale, pursuant to 14 M.R.S.A., section 6324.

**WHEREFORE**, it is hereby ordered and decreed that if Defendants do not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6323 and disburse the proceeds of said sale after deducting the expenses thereof, to the Plaintiff in

the amount due on its mortgage and attorney's fees and costs, and the surplus, if any, as outlined in paragraph 3 above.

This judgment does not seek any personal liability of the Defendants as affected by any bankruptcies filed but only seeks an In Rem Judgment against the property.

**Plaintiff specifically agrees to waive any deficiency which may be associated with this loan and this judgment shall not establish any personal liability of the Defendants for the debt secured by the mortgage but shall operate only as to the real estate described in the mortgage.**

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendants are ordered to vacate the real estate at that time if Defendants have not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A. section 2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.
2. The docket number is 2:17-cv-00086.
3. The court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.
4. A description of the real estate involved is set forth in Schedule B attached hereto.
5. The Plaintiff is responsible for recording the attested copy of the Judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to F.R.Civ.P. 54(b), except as to expenses incurred by Plaintiff after February 24, 2017, and the Plaintiff shall

specify expenses incurred after February 24, 2017 in its Report of Sale, which shall be deemed a timely application for award of additional attorney's fees, notwithstanding the requirements of F.R.Civ.P. Rule 54(d)(2)(B) to file such application within sixty (60) days after judgment. Defendants may contest the Report of Sale and application for additional attorney's fees by filing a motion pursuant to 14 M.R.S.A. section 6324.

The Clerk is specifically directed, pursuant to F.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: February 1, 2018                                       Respectfully submitted:

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670

Dated: January 22, 2018

/s/ Tom Cox
Tom Cox, Esq.
Attorney for Defendant
Scott R. Leavitt
PO Box 1314
Portland, ME 04104


Dated: _____        _____
                                                                Justice


Date entered into the docket: _____

## SCHEDULE A

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | Federal National Mortgage Association | John A. Doonan, Esq.<br>Reneau J. Longoria, Esq.<br>100 Cummings Center<br>Suite 225D<br>Beverly, MA 01915 |

| | | |
|---|---|---|
| DEFENDANTS | Christine M. Leavitt<br>11 Rhode Island Avenue<br>Rensselaer, NY 12144 | Not Appeared, Defaulted |
| | Christine M. Leavitt<br>6980 Indian Cove Road<br>Twnetynine Palms, CA 92277 | |
| | Scott R. Leavitt<br>100 Lewis Road<br>Naples, ME 04055 | Tom Cox, Esq<br>PO Box 1314<br>Portland, MRE 04104 |

SCHEDULE B

100 Lewis Road
Naples, Cumberland County, Maine

A certain lot or parcel of land, with the building thereon, located on the westerly side of Shore Road, also known as Lewis Road and also known as Pond Road, in the Town of Naples, County of Cumberland and State of Maine, being bounded and described as follows:

Beginning at a point on the westerly sideline of Shore Road, aka as Lewis Road and aka Pond Road, said point being southeasterly 60 feet along the sideline of Shore Road, aka Lewis Road and aka Pond Road, from the southeasterly corner of land now or formally of Steve and Bonnie Adams; thence, southeasterly by the westerly sideline of Shore Road, aka Lewis Road and aka Pond Road, 268 feet to a point; thence, southwesterly approximately perpendicular to Shore Road, aka Lewis Road and aka Pond Road, 225 feet by remaining land of a prior grantor hereof to a point; thence, also by remaining land of said prior Grantor hereof northwesterly parallel to Shore Road, aka Lewis Road and aka Pond Road, 268 feet, more or less, to a point which is 60 feet southerly of Adams' southerly line; thence, northeasterly parallel to and 60 feet southerly of the southerly line of Adams 225 feet to the point of beginning.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: 2:17-cv-00086 |
| **Plaintiff** | AGREED JUDGMENT |
| vs. | RE: |
| | 100 Lewis Road, Naples, ME 04055 |
| **Scott R. Leavitt and Christine M. Leavitt** | Mortgage: |
| **Defendants** | July 5, 2007 |
| | Book 25276, Page 1 |

I, _____, Clerk of the United States District Court of Maine, do hereby certify

that no timely appeal of the order of Judgment of Foreclosure and Sale entered by the Court on

_____ and was made by any party.

Dated: _____

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court the day and year first above written.

_____, Clerk